UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO. 00-6048
MAGISTRATE JUDGE:

TRACY HIEMSTRA, on behalf
of herself all others similarly situated,

    Plaintiffs,

vs.

INSURANCE RECOVERY SPECIALISTS,
INC., a Florida corporation; and THERESA
BOGLIOLI, an individual resident of the
State of Florida,

    Defendants.
_____/



## COMPLAINT

1. Plaintiff, TRACY HIEMSTRA (hereinafter referred to as "Plaintiff"), is a former employee of Defendants INSURANCE RECOVERY SPECIALISTS, INC. and THERESA BOGLIOLI (hereinafter referred to as "Defendants") and brings this action on behalf of herself and other employees and former employees of Defendants similarly situated to her for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Plaintiff is a citizen and resident of Broward County, Florida within the jurisdiction of this Honorable Court.

2. Defendant, INSURANCE RECOVERY SPECIALISTS, INC., is a Florida corporation that owns and operates an insurance business with a business location in Broward County, Florida and within the jurisdiction of this Court.

3. Defendant, THERESA BOGLIOLI, is an individual resident of the State of Florida who manages and operates INSURANCE RECOVERY SPECIALISTS, INC. and who has and

regularly exercises the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of INSURANCE RECOVERY SPECIALISTS, INC. and who is either individually or jointly responsible for the overtime violations complained of herein. By virtue of such control and authority THERESA BOGLIOLI is an employer as such term is defined by the Act 29 U.S.C. § 201 et seq.

4. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint were, engaged in interstate commerce. At all times pertinent to this Complaint Defendants regularly owned and operated an insurance business and utilized goods which moved in interstate commerce. Based upon information and belief the annual gross sales volume of Defendants was in excess of $500,000.00 per annum.

6. By reason of the foregoing, Defendants were during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

7. The additional persons who may become Plaintiffs in this action are hourly paid employees and/or former employees of Defendants who are or who were subject to the payroll practices and procedures described in Paragraphs 11 and 12 below and who worked in excess of forty (40) hours during one or more work weeks beginning on or after January 12, 1997.

8. At all times pertinent to this Complaint Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those

2

similarly situated to Plaintiff performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiff for those hours.

9. On or about March 16, 1998 Plaintiff was initially hired by Defendants and ceased performing services for Defendants on or about November 15, 1998. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff herself was engaged in commerce. The work performed by Plaintiff was directly essential to the insurance business of Defendants in interstate commerce, which was directly essential to the business performed by Defendants.

10. Plaintiff's employment with Defendants provided for compensation at the hourly rate of $6.50, Plaintiff was not paid time and one-half for her hours worked in excess of forty per work week.

11. In the course of employment with Defendants, Plaintiff and other similarly situated employees worked the number of hours required of them but were not paid time and one-half for all hours worked in excess of forty during a work week. Plaintiff and those similarly situated to her worked in excess of forty (40) hours per work week during one or more work weeks.

12. At all times material hereto, Defendants paid Plaintiff only her hourly pay (not time and one-half of her regular rate of pay) for all Plaintiff's hours, including the hours in excess of forty during a work week. Based on information and belief Defendants paid all its hourly paid employees on this same basis.

13. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody and control of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## INSURANCE RECOVERY SPECIALISTS, INC.

Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 13 above.

14. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

15. By reason of the said intentional, willful and unlawful acts of Defendant INSURANCE RECOVERY SPECIALISTS, INC. all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

16. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 14 above.

17. Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after January 12, 1997, Plaintiff and those similarly situated to her who have or will opt into this action, demand judgment against Defendant INSURANCE RECOVERY SPECIALISTS, INC. for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## THERESA BOGLIOLI

Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 13 above.

18. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19. By reason of the said intentional, willful and unlawful acts of Defendant THERESA BOGLIOLI, all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

20. As a result of Defendant's willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages in an equal amount to that set forth in Paragraph 18 above.

21. Defendant THERESA BOGLIOLI is responsible for all overtime violations of INSURANCE RECOVERY SPECIALISTS, INC. by virtue of her being an employer as such term is defined by the Act.

22. Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after January 12, 1997, Plaintiff and those similarly situated to her who have or will opt into this action, demand judgment against Defendant THERESA BOGLIOLI for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** \_\_\_\_\_ day of January, 2000.

Respectfully Submitted,

**LAW OFFICES OF SCOTT S. LEVINE, P.A.**
Counsel for Plaintiff
1152 North University Drive
Suite 305
Pembroke Pines, Florida 33024
Tel: (95 4) 441-1910
Fax: (954) 441-9402

By: _____
SCOTT S. LEVINE, ESQ.
Florida Bar No. 876682

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-6048

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRACY HIEMSTRA, on behalf of herself all others similarly situated

## DEFENDANTS
INSURANCE RECOVERY SPECIALISTS, INC., a Florida corporation; and THERESA BOGLIOLI, an individual resident of the State of Florida

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

A: Broward 0. 99CV6048/WDF Snow

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
SCOTT S. LEVINE, P.A.   Telephone: (954) 441-1910
1152 N. University Drive, Suite 305, Pembroke Pines, FL 33024

**ATTORNEYS (IF KNOWN)**
-0-

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS |  | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☒ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. Sect. 201(b) and 28 U.S.C. Sect. 1337

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 1-11-2000

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

$150.00  815305

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

01/11/00