UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRACY HIEMSTRA, on behalf of
herself and all others similarly
situated,

        CASE NO. 00-6048-CIV
        JUDGE: FERGUSON
     Plaintiffs,    MAGISTRATE JUDGE : SNOW

v.

INSURANCE RECOVERY
SPECIALISTS, INC., a Florida
corporation; and THERESA
BOGLIOLI, an individual
resident of the State of
Florida,
     Defendants.
_____/



## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Insurance Recovery Specialists, Inc. and Theresa Boglioli, for their answer and affirmative defenses to Plaintiff's complaint:

1. Admit that Plaintiff Tracy Hiemstra ("Plaintiff") is a former employee of Defendant Insurance Recovery Specialists, Inc. and that she has purported to bring a class-action suit on behalf of herself and all others similarly-situated to her for compensation and other relief under the Fair Labor Standards Act. Defendants are without personal knowledge as to the citizenship and residency of Plaintiff and therefore said allegations are denied.

2. Admit that Defendant Insurance Recovery Specialists, Inc. is a Florida corporation with a business location in Broward County Florida within the jurisdiction of this Court, but except as so admitted deny the remaining allegations in Paragraph 2 of the



Complaint on the grounds that the phrase "insurance business" is not defined.

3. Admit that Defendant Theresa Boglioli is a resident of the State of Florida and the owner of Defendant Insurance Recovery Specialists, Inc. and that she materially participates in the running of that business, but except as so admitted deny the allegations in Paragraph 3 of the Complaint.

4. Admit that this action purports to try to recover alleged overtime compensation and other damages, but except as so admitted, denies the allegations of Paragraph 4 of the Complaint.

5. Admit that this Court has jurisdiction to hear this case and admit that the annual gross sales volume of Insurance Recovery Specialists, Inc., was in excess of $500,000 per annum, but except as so admitted deny the remaining allegations in Paragraph 5 of the Complaint on the grounds that the phrase "insurance business" is not defined.

6. Admit the allegations in Paragraph 6 of the Complaint.

7. Deny that any employee covered by the overtime provisions of the Fair Labor Standards Act worked any uncompensated overtime.

8. Deny the allegations in Paragraph 8 of the Complaint.

9. Admit the allegations in paragraph 9 of the Complaint, except Defendants deny the allegations regarding the dates that Plaintiff worked for Defendants and Defendants deny the allegation that Defendants' business is an "insurance business," as

that term is not defined.

10. Deny the allegations in Paragraph 10 of the Complaint.

11. Deny the allegations in Paragraph 11 of the Complaint.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Admit the allegations in Paragraph 13 of the Complaint.

## COUNT I

14. Admits that employees, in appropriate situations, are entitled to overtime pay if they actually work overtime, but except as so admitted denies the allegations of Paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Admit that Plaintiff has purportedly requested trial by jury in this case.

## COUNT II

18. Admit that employees, in appropriate situations, are entitled to overtime pay if they actually work overtime, but except as so admitted denies the allegations of Paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Admit that Plaintiff has purportedly requested trial by jury in this case.

23.     Any and all allegations of paragraphs 1-22 of the Complaint not specifically admitted above in numbers 1-22 are hereby denied and strict proof thereof is demanded.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff never worked any uncompensated overtime for Defendants.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff worked any overtime hours, such overtime was unauthorized overtime prohibited by Defendants and without Defendant' knowledge. Plaintiff is therefore equitably estopped from claiming that she worked any uncompensated overtime for Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from claiming that he worked any uncompensated overtime for Defendants. Plaintiff submitted handwritten time sheets indicating her hours worked. Plaintiffs handwritten time sheets which did not indicate overtime hours worked. Defendants did not know or have reason to know that Plaintiff worked more hours than those claimed on her handwritten time sheets.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff worked any uncompensated overtime, such overtime compensation is *de minimus* and exempt under federal law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff claimed hours worked during the regular work week for hours when she was not working for Defendants or was performing unauthorized tasks at the business locations of the clients of Insurance Recovery Specialists. Therefore, Defendants are entitled to a setoff against any uncompensated overtime.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate class representative as he never worked any uncompensated overtime for Defendants.

## EIGHT AFFIRMATIVE DEFENSE

This is not an appropriate class-action because there are no employees of Defendants who have worked any uncompensated overtime for Defendants.

## RELIEF REQUESTED

Defendants request that: (i) that the Court dismiss Plaintiff's complaint with prejudice and that judgment be entered in their favor; (ii) that it be awarded its costs and attorneys' fees pursuant to Florida Statute § 57.105; and (iii) that the Court award such other relief as is appropriate under the circumstances of this case.

Dated:     March 3, 2000.

**I HEREBY CERTIFY** that on __3rd__ day of March, 2000, a true and correct copy of the

foregoing has been furnished via facsimile and U.S. Mail to Scott Levine, Esq. at 1152 North University Drive, Suite 305, Pembroke Pines, Florida 33024.

_____
LAURIE MACK SCHAEFER
FBN: 0023655