IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-6660-CIV-GOLD/SIMONTON

MICHAEL RANKINE, on behalf of
himself and all others similarly situated,

        Plaintiffs,

vs.

INSURANCE RECOVERY SPECIALISTS,
INC. and THERESA BOGLIOLI,

        Defendants.
_____/

CASE NO: 00-6048-CIV-GOLD/SIMONTON

TRACY HIEMSTRA, on behalf of
herself and all others similarly situated,

        Plaintiff,

vs.

INSURANCE RECOVERY SPECIALISTS,
INC. and THERESA BOGLIOLI,

        Defendants.
_____/

**Defendants' Memorandum in Opposition to Consolidation**

Pursuant to this court's order to show cause why these cases should not be consolidated dated April, 2000, Defendants Insurance Recovery Specialists, Inc. and Theresa Boglioli, (hereinafter collectively referred to as Insurance Recovery) hereby file this Memorandum of Law. As detailed below, Insurance Recovery respectfully submits that these two cases should not be consolidated.

CASE NO: 00-6048-CIV-GOLD/SIMONTON<br>
CASE NO. 99-6660-CIV-GOLD/SIMONTON

## Statement of Facts

On May 27, 1999 Michael Rankine (Rankine) filed a complaint for damages[1] against Insurance Recovery for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Rankine filed the suit as a class action on behalf of himself and "other employees and former employees of Defendants similarly situated." To date, however, Rankine has not filed a motion seeking leave to notify potential class members of the suit.[2] And, substantial discovery on the merits of Rankine's individual claim has already been completed, including the taking of the parties' depositions, answering interrogatories, production of documents, and responding to requests for admission.

On January 1, 2000 Tracy Hiemstra (Hiemstra) filed a complaint for damages[3] against Insurance Recovery also seeking overtime compensation and other relief under FLSA. The same attorney represents both Hiemstra and Rankine, and Hiemstra made the affirmative decision not to opt in as a class member in Rankine's action. Hiemstra did file a notice advising the Court the Rankine suit and identifying it as a "similar action." However, unlike Rankine, very little discovery has been taken in the Hiemstra case. In fact, no depositions have been taken, and the case is not yet at issue.

---

[1] Case No. 99-6660-CIV-GOLD/SIMONTON

[2] The last order entered on April 12, 2000 granted Rankine an enlargement of time *nunc pro tunc* until March 31, 2000 to file a motion to allow notification of potential class members.

[3] Case No. 00-6048-CIV-GOLD/SIMONTON

2

CASE NO: 00-6048-CIV-GOLD/SIMONTON
CASE NO. 99-6660-CIV-GOLD/SIMONTON

The allegations set forth in the complaints filed by Rankine and Hiemstra are virtually identical, except for their dates of hire, hourly rates, and job descriptions. The same attorney represents both Rankine and Hiemstra, and the same attorney represents Insurance Recovery in both actions. However, Insurance Recovery submits that the facts surrounding Rankine and Hiemstra's employment and the law controlling each claim are quite different as shown next. The differences between the actions weigh against consolidation.

In Rankine, the sole issue is whether Rankine in fact ever worked overtime hours for Insurance Recovery during his regular work week. If Rankine establishes that he worked overtime, the defense issues involve whether his claim for overtime is barred as *de minimis* or whether Rankine is estopped from seeking overtime based on his own submission of handwritten time sheets which negate any overtime work. Hiemstra's claim involves different issues altogether. Hiemstra worked full-time during the day for Insurance Recovery at one job. She then applied for a different part-time evening job with Insurance Recovery, and the parties agreed to an hourly rate for that second job. In Hiemstra's action the question is not whether she worked in excess of forty hours per week for Insurance Recovery on either of her two jobs alone, but rather, whether the rate agreed to for the second job violated the Fair Labor Standards Act.

### Legal Authority

Rule 42 of the Federal Rules of Civil Procedure governs consolidation of actions. The Rule provides that consolidation may be ordered "[w]hen actions involving *a common question of law or fact* are pending before the court". Fed.R.Civ.P. 42(a). Rule 42 (a) vests the court with authority

LAW OFFICES OF BARRANCO, KIRCHER, VOGELSANG & BOLDT, P.A.
SUITE 1400 MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130-1783  TELEPHONE (305) 371-8575

CASE NO: 00-6048-CIV-GOLD/SIMONTON<br>CASE NO. 99-6660-CIV-GOLD/SIMONTON

to join common cases in the interests of "economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)(citations omitted). The rule "is permissive and vests a purely discretionary power in the district court." *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)(citations omitted).

At first glance, the cases seem to involve similar questions of law or fact based upon the commonality of parties, attorneys, and allegations set forth in the complaints. Insurance Recovery submits, however, that the only common issue is that both plaintiffs worked for Insurance Recovery and claim entitlement to overtime. Although both complaints contain very general allegations which facially appear common, Rankine and Hiemstra's cases involve different sets of facts which will result in the application of different legal principles.

The Rankine case is simple and straightforward, i.e., did Rankine work in excess of forty hours per week. Insurance Recovery denies that he did, so this case raises a classic question of fact which must be resolved by the factfinder. If Rankine is able to prove that he worked overtime hours, Insurance Recovery's affirmative defenses must then be considered such as whether Rankine's overtime was *de minimis* and whether he should be estopped from claiming overtime based upon his submission of time sheets that showed no overtime hours. It is undisputed that Hiemstra worked more than forty hours per week for Insurance Recovery for a short period - - albeit while performing two or more kinds of work for which different hourly rates were paid. Her claim triggers the interpretation of 29 USC §207 Section (g)(2) - the applicable regulations governing two or more kinds of work. The core issue of liability is different in each case. Rankine, Hiemstra and their

4

CASE NO: 00-6048-CIV-GOLD/SIMONTON
CASE NO. 99-6660-CIV-GOLD/SIMONTON

attorney acknowledged the difference between the action when they filed them separately, otherwise Hiemstra would have simply joined in Rankine's class action.

Lastly, the two cases are at different procedural stages in the litigation. Hiemstra filed her suit eight months after Rankine initiated his. Hiemstra's suit is in its infancy with virtually no discovery have been taken to date. Rankine's individual claim, however, is nearly ready for trial. The purpose of consolidation is "to expedite trial and eliminate unnecessary repetition and confusion," but that purpose would not be served by consolidating these two actions. *Young v. Augusta, Georgia,* 59 F.3d 1160 (11th Cir. 1995). On the contrary, given the very different set of facts and law controlling each claim and the stages of the cases, consolidating them would foster confusion and would serve to delay the Rankine case which is almost ready for trial.

### Conclusion

Based on the foregoing facts and authorities, Defendants Insurance Recovery Specialists, Inc. and Theresa Boglioli respectfully submit that these cases are not appropriate for consolidation.

Respectfully submitted,

**BARRANCO, KIRCHER, VOGELSANG & BOLDT, P.A.**
Museum Tower, Suite 1400
150 West Flagler Street
Miami, Florida 33130
Telephone (305) 371-8575
Facsimile (305) 371-7021
Counsel for Defendants

BY: _____
BETH TYLER VOGELSANG
Fla. Bar No: 509401

CASE NO: 00-6048-CIV-GOLD/SIMONTON
CASE NO. 99-6660-CIV-GOLD/SIMONTON

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 20th day of April, 2000 a true and correct copy of the foregoing has been furnished via U.S. Mail to Scott Levine, Esq. at 1152 North University Drive, Suite 305, Pembroke Pines, Florida 33024.

_____
BETH TYLER VOGELSANG

LAW OFFICES OF BARRANCO, KIRCHER, VOGELSANG & BOLDT, P.A.
SUITE 1400, MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130-1783, TELEPHONE (305) 371-8575



```
CASE:      1:00-cv-01007
DOCUMENT:  9
DATE:      04/21/00

CLERK:     hd
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

Case No. 00-01007-CIV-GOLD

JOEL A. DENSON,

    Plaintiff,

vs.

LESTER COGGINS TRUCKING,
INC., a Florida corporation,

    Defendant.
_____/



## ORDER ADMITTING COUNSEL PRO HAC VICE

This Court, having considered the Application for Leave to Appear Pro Hac Vice of James R. Stadler, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that the application is APPROVED and that James R. Stadler of the law firm of Varnum Riddering Schmidt & Howlett, LLP, Bridgewater Place, Post Office Box 352, Grand Rapids, Michigan 49501-0352, is admitted to practice before this Court with full and complete privileges to act as attorney of record on behalf of Defendant Lester Coggins Trucking, Inc. in this action upon payment of the appropriate appearance fee.

DONE AND ORDERED this _19_ day of _April_, 2000, in Chambers, in Miami, Dade County, Florida.

_____
ALAN S. GOLD
United States District Judge

cc: Counsel of Record

FTL1 #484508 v1

FILING FEE
PAID $75.00
In Forma Pauperis
Clarence [illegible]

COPY FOR JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ____
00 APR 17 PM 4:18
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

JOEAL A. DENSON,

    Plaintiff,

v

LESTER COGGINS TRUCKING, INC.,
a Florida corporation,

    Defendant.
_____/

Case No. 00-01007-CIV-GOLD

MAGISTRATE JUDGE SIMONTON

**APPLICATION FOR LEAVE TO APPEAR *PRO HAC VICE***

TO THE HONORABLE COURT:

    **James R. Stadler**, of the firm Varnum, Riddering, Schmidt & Howlett LLP, pursuant to Rule 4(B) of the Local Rules governing the Admission and Practice of Attorneys for the United States District Court for the Southern District of Florida (the "Local Rules") hereby moves for leave to appear *pro hac vice* as counsel for Defendant Lester Coggins Trucking, Inc., in association with the law firm of Holland & Knight LLP. In support of this application, the undersigned counsels state as follows:

    1.    Mr. Stadler is an attorney in the law firm of Varnum, Riddering, Schmidt & Howlett LLP, with offices located at Bridgewater Place, P.O. Box 352, Grand Rapids, Michigan 49501-0352.

    2.    Mr. Stadler is a member in good standing of the Bar of the State of Michigan, and is admitted to practice before the United States District Court for the Eastern and Western Districts of Michigan, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Northern District of New York, and the United States Seventh Circuit Court of Appeals.

    3.    Mr. Stadler is not a resident of, and does not maintain an office in, the state of Florida.

    4.    Mr. Stadler has been retained by Lester Coggins Trucking, Inc., along with the law firm of Varnum, Riddering, Schmidt & Howlett LLP, to appear on its behalf as counsel in the above-captioned matter

    5.    Mr. Stadler states and certifies that he has studied the Local Rules of the United States District Court for the Southern District of Florida.

6. Thomas H. Loffredo, of the law firm of Holland & Knight LLP, certifies that he has agreed to act as designee on behalf of the applicant. The law firm of Holland & Knight LLP is located at One East Broward Boulevard, Suite 1300, Ft. Lauderdale, Florida 33302-4070.

7. Mr. Loffredo is a member in good standing of the Bar of the State of Florida, and is admitted to practice before this Court.

WHEREFORE, the undersigned attorney, James R. Stadler, respectfully requests this Honorable Court to allow his admission *pro hac vice* to appear and participate, along with Holland & Knight LLP in these proceedings, pursuant to the Local Rules.

In Fort Lauderdale, Florida, this 17th day of April 2000.

VARNUM, RIDDERING, SCHMIDT & HOWLETT LLP
Attorneys for Defendant

By: _____
James R. Stadler, For the Firm
Michigan Bar No. P-43146
Business Address/Telephone:
    Bridgewater Place, P.O. Box 352
    Grand Rapids, MI 49501-0352
    Tele: (616) 336-6000
    Fax: (616) 336-7000

HOLLAND & KNIGHT LLP
Counsel for Defendant

By: _____
Thomas H. Loffredo, For the Firm
Florida Bar No. 870323
Business Address/Telephone:
    One East Broward Boulevard, Suite 1300
    Fort Lauderdale, FL 33302-4070
    Tele: (954) 525-1000
    Fax: (954) 463-2030

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished by U.S. Mail to Jonathan Kroner, Attorney for Plaintiff, 100 North Biscayne Boulevard, 30th Floor, New World Tower, Miami, Florida 33132, this 17th day of April 2000.

_____
Thomas H. Loffredo, For the Firm
Florida Bar No. 870323